## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MERVIN ENGLISH**                                                              **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 1:24-cv-00198-HSO-BWR**

**BURL CAIN**                                                                   **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondent Burl Cain's Motion to Dismiss [8] *pro se* Petitioner Mervin English's Petition [1] brought under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent filed a Motion to Dismiss [8] asserting Petitioner's Petition is time-barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner responded [10] and Respondent replied [12]. Having considered the parties' submissions, the record, and the relevant law, the undersigned recommends that the Motion to Dismiss [8] should be granted, the Petition [1] should be dismissed with prejudice, and Petitioner should be denied a certificate of appealability.

## I.  BACKGROUND

Petitioner was indicted on six counts in four different cause numbers, totaling 24 counts, by a Harrison County, Mississippi, Second Judicial District grand jury. Mot. Dismiss [8-1] at 1-22. On January 11, 2021, Petitioner pled guilty to Count 1 transfer of a controlled substance in violation of Mississippi Code Annotated § 41-29-139(a)(1) and Count 3 possession of a controlled substance with intent in violation of Mississippi Code Annotated § 41-29-139(a)(1) in cause number B2402-2020-249.

1

State Ct. R. [7-2] at 38-39. All remaining counts were passed to the files in exchange for Petitioner's plea. *Id.* at 34-35, 38-40; Mot. Dismiss [8-2]. On March 8, 2021, the circuit court ordered Petitioner sentenced as a habitual offender to serve six years in Count 1 and ten years in Count 3 with each count to run concurrently for a total of ten years to serve in the custody of the Mississippi Department of Corrections. State Ct. R. [7-2] at 50-52.

On June 13, 2022, Petitioner, through counsel, filed a motion to authorize consideration for parole, and then a motion to rule on motion to consider parole eligibility on October 25, 2022. *Id.* at 53-57. While Petitioner's motion to consider parole eligibility was pending, he filed a writ of mandamus in the Mississippi Supreme Court requesting that the circuit court rule on the parole motion. State Ct. R. [7-1] at 2-4. The circuit court denied the motion to authorize consideration for parole on January 31, 2023, and the Mississippi Supreme Court dismissed the writ of mandamus as moot on March 17, 2023. *Id.* at 7-9, 12.

On March 3, 2023, Petitioner filed a 28 U.S.C. § 2254 petition in this Court. *English. v. Mingo*, No. 1:23-cv-69-TBM-FKB, 2023 WL 5538993 (S.D. Miss. Aug. 28, 2023), *certificate of appealability denied,* No. 1:23-cv-69-TBM-FKB, 2023 WL 5539651 (S.D. Miss. Aug. 28, 2023). Petitioner's 2023 § 2254 petition was dismissed without prejudice on the issue challenging Petitioner's sentence for failure to exhaust available state court remedies and with prejudice on the issue challenging his parole eligibility. *Id.* at *3.

On January 12, 2024, Petitioner filed a motion to reduce his sentence in light of the changes to marijuana law guidelines. State Ct. R. [7-2] at 68-71. Then, Petitioner filed a writ of mandamus in the Mississippi Supreme Court while his motion to reduce sentence was pending in circuit court. State Ct. R. [7-1] at 13-15. The circuit court denied Petitioner's motion on May 1, 2024, and the Mississippi Supreme Court denied Petitioner's writ of mandamus as moot on June 7, 2024. *Id.* at 20-23, 54.

Petitioner filed a post-conviction relief (PCR) motion in circuit court on March 8, 2024, and the circuit court denied the PCR motion on May 30, 2024. State Ct. R. [7-2] at 72-98, 64-67. Petitioner did not appeal the circuit court's decision. Mot. Dismiss [8] at 5.

On June 20, 2024, Petitioner signed his Petition [1] for federal habeas relief under 28 U.S.C. § 2254 filed with the Court on June 27, 2024. Petitioner raises six grounds for relief:

1. The state violated Petitioner's right to due process in violation of rights guaranteed by the Fourteenth Amendment when it failed to disclose material, exculpatory information[;]

2. Ineffective counsel;

3. The state[']s use of a former police officer[']s evidence;

4. Confidential information coercion;

5. The state[']s violation of the Petitioner's constitutional rights under the 4th, 5th, 6th, 8th, and 14th amendments to the United States Constitution, and violation of the US "Fair Sentencing Act[;]" and

6. Discovery of new evidence/altered or questionable record[.]

3

Pet. [1] at 23-27 (cleaned up). Petitioner requests his sentence "under [e]nhanced [p]enalty . . . be reconsidered and reduced" in accordance with "new law enacted," "the Court [dismiss the transfer of marijuana] [charge] that [he] was never [a]rrested for or [b]ooked on," reduce the length of his sentence, post-conviction relief, and a hearing regarding evidence obtained in the prosecution of his case. *Id.* at 14-15, 28.

Respondent moved to Dismiss [8] and argues the Petition should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d) because Petitioner "failed to file his petition within the allotted time." Mot. Dismiss. [8] at 7. Respondent also argues the exceptions of 28 U.S.C. § 2244(d) do not apply to Petitioner because Petitioner is not entitled to statutory or equitable tolling. *Id.* at 8-9.

Petitioner responds that any delay in filing his petition should not be attributed to him, but to his attorney and the trial court. Resp. [10] at 2. Petitioner argues he was delayed in filing the Petition because his post-conviction attorney filed a PCR motion instead of a "585 Petition." *Id.* at 2-3. He claims that the time bar "does not apply when an incarcerated individual is following the instruction of the Courts to [f]ile and [e]xhaust all [r]emedies," *id.* at 6-7, and that he suffered judicial bias and involuntarily pleaded guilty. *Id.* at 3-5. Petitioner requests "[that this Court deny the state's motion to dismiss with prejudice based on time-barring (statutory tolling?)]" and the Court permit equitable tolling due to Petitioner's "[i]nability to control the [t]ime" the circuit court took to rule on his motions, mailing delays, and limited access to legal aid. *Id.* at 9.

Respondent replied and maintains that Petitioner's arguments in response cannot meet his burden to establish statutory or equitable tolling. Reply [12] at 2. And that Petitioner is not entitled to tolling based on the previously dismissed federal habeas petition. *Id.* at 5.

## II. DISCUSSION

### A. Standard of Review.

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine whether all procedural steps necessary to preserve each issue for federal review have been taken. "The first consideration is whether the petition was timely filed." *Wilson v. Cain*, No. 5:22-cv-00069-DCB-BWR, 2023 WL 6690947, at *2 (S.D. Miss. June 28, 2023), *R. & R.* adopted, No. 5:22-cv-00069-DCB-BWR, 2023 WL 5803702 (S.D. Miss. Sept. 7, 2023). Under the Antiterrorism and Effect Death Penalty Act of 1996 (AEDPA), a state prisoner is subject to one years limitations for filing a § 2254 application:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). "Additionally, a court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Ordinarily, Petitioner would have ninety days to petition the United States Supreme Court for a writ of certiorari after the Mississippi Supreme Court denied certiorari review. *See* U.S. Sup. Ct. R. 13(1). Because of the Covid-19 pandemic, the Supreme Court temporarily extended the deadline to petition from ninety to one hundred and fifty days on March 19, 2020. *See* U.S. Supreme Court Order List 589, Mar. 19, 2020; *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The Supreme Court rescinded the extended deadline on July 19, 2021. *See* U.S. Supreme Court Order List 594, July 19, 2021.

B.  The Petition is barred by 28 U.S.C. § 2244(d).

Petitioner entered a guilty plea, and on March 12, 2021, the circuit court filed its judgment and sentence. Mot. Dismiss [8-3]. By state statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Petitioner's conviction and sentence became final on August 9, 2021 (March 12, 2021, plus one hundred and fifty days). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that when a petitioner fails to seek certiorari review in the Supreme Court, the judgment becomes final when the deadline expires).

Without statutory or equitable tolling Petitioner had one year from August 9, 2021, until August 9, 2022, to timely file a § 2254 petition. Petitioner signed his Petition on June 20, 2024, and the Clerk of Court received and filed it on June 27, 2024. Petitioner filed his Petition nearly two years outside the limitations period and is not entitled to statutory or equitable tolling.

28 U.S.C. § 2244(d) provides a tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" remains pending. 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling because he never "properly filed" his PCR motion; it was filed on March 8, 2024, outside the limitations period. *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) ("there is no dispute that Jones is not entitled to statutory tolling because he never properly filed a state habeas application during the limitations period.") (internal quotations omitted).

Petitioner's motion to authorize consideration for parole filed in state court before the limitations period ran failed to toll the statute of limitations because it "did not challenge a 'pertinent judgment or claim' within the meaning of § 2244(d)(2)." *Godfrey v. Dretke*, 396 F.3d 681, 688 (5th Cir. 2005); *see also Mathis v. King*, No. 3:20-cv-213-NBB-RP, 2021 WL 3742396, at *3 n.1 (N.D. Miss. Aug. 24, 2021) ("As Mr. Mathis does not challenge his parole eligibility in the instant Petition [], none of these motions served to statutorily toll his one-year federal habeas statute of limitations, as they did not challenge 'the pertinent judgment or claim' in the instant petition for a writ of *habeas corpus*.") (emphasis in original). Rather than question his judgment or conviction, Petitioner requested that the circuit court determine whether he was eligible for parole after serving 25% of his sentence under Mississippi Code Annotated § 47-7-3(l)(h)(iv). *See* State Ct. R. [7-2] at 53-54; *see Godfrey*, 396 F.3d at 687 ("Neither of Godfrey's October 2001 state postconviction applications purports to challenge his current conviction-the subject of his § 2254 petition.").

Likewise, Petitioner's 2023 § 2254 petition in this Court did not toll the statute of limitations because it was filed after the limitations deadline and "the time during which a *federal* habeas application is pending does not serve to statutorily toll the limitations period under 28 U.S.C. §2244(d)(2)." *Jones,* 22 F.4th at 490 n.1 (emphasis in original). Petitioner's sentence reduction motion filed in circuit court also did not toll the limitations period because it did not seek post-conviction relief and a petition for writ of mandamus does not statutorily toll the limitations period. *See Jones*, 22 F.4th at 490; *King v. Mississippi*, No. 4:17-cv-61-MPM-JMV, 2018 WL 1750501, at *2

(N.D. Miss. Apr. 11, 2018) ("Petitions for a writ of mandamus do not qualify to toll the limitations period under 28 U.S.C. § 2244(d).").

Petitioner's circumstances are neither rare nor exceptional to warrant equitable tolling. "[E]quitable tolling applies principally where the defendant actively misleads the plaintiff about the cause of action or prevents the plaintiff from asserting his rights in some extraordinary way." *Jones*, 22 F.4th at 490 (citing *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016)). "Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citations omitted).

First, Petitioner is not entitled to equitable tolling based on the Court's decision in his previous federal habeas case because the Court informed Petitioner that he was "within the three-year time period to file a motion for post-conviction relief" and found that he had failed to exhaust available state court remedies. *See English*, 2023 WL 5538993, at *2. The Court did not suggest Petitioner could refile his habeas petition after state exhaustion. Therefore equitable tolling is inapplicable. *See Alexander v. Cockrell*, 294 F.3d 626, 629-30 (5th Cir. 2002) (finding that the court's prior decision suggested that Alexander could re-file a petition in federal court after exhausting his state remedies and the district court did not abuse its discretion in applying equitable tolling).

Second, Petitioner does not dispute that the Petition is untimely filed but argues he is entitled to equitable tolling based on the actions or inactions of the circuit

court, limited legal resources, the mailing system, and his trial counsel whom he continued to retain for post-conviction proceedings. Pet.'s Resp. [10] at 3, 9.

Petitioner filed the motion for authorization for parole consideration on June 13, 2022, one month and twenty-seven days before the August 9, 2022 deadline to timely file a § 2254 petition. Although the circuit court did not rule on the parole motion until January 31, 2023, the motion did not commence post-conviction proceedings. Petitioner has not established that he was "actively mislead by the state or prevented in some extraordinary way from pursuing his rights." *Nelms v. Johnson*, 51 F.App'x 482, at *1 (5th Cir. 2002) (per curiam). Petitioner was aware that he could file a PCR motion and could have filed a PCR motion on his own volition at any time. *See* Pet. Resp. [10] at 2 ("Had [m]y [a]ttorney . . . [f]iled the PCR that I requested . . . there would have been no delay . . . in getting my PCR filed [but my attorney chose] to file the 585."). Petitioner is not entitled to equitable tolling for this reason.

Additionally, a "[p]etitioner has no abstract, freestanding right to a law library or legal assistance." *Keys v. Wilkins*, No. 2:22-cv-139-KS-MTP, 2023 WL 3449132, at *3 (S.D. Miss. Mar. 15, 2023), *R. & R. adopted,* No. 2:22-cv-00139-KS-MTP, 2023 WL 3005013 (S.D. Miss. Apr. 19, 2023), *certificate of appealability denied,* No. 23-60250, 2023 WL 7412954 (5th Cir. Aug. 1, 2023) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quotation omitted)). To invoke equitable tolling, Petitioner must demonstrate "that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). Further, a § 2254 petition is deemed filed on the date the inmate hands the

10

petition off to prison officials for mailing. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir.1998). Petitioner's certificate of service indicates he mailed his petition on June 20, 2024, one year and ten months after the deadline to file a § 2254 petition expired. Petitioner has failed to explain how allegedly limited legal access and mail delays prevented him from filing a timely habeas petition.

The Supreme Court has held that equitable tolling is appropriate when the failings of a petitioner's attorney "amount to egregious behavior and create an extraordinary circumstance." *Holland*, 560 U.S. at 651. "The standard is fairly high, and 'a garden variety' form of attorney negligence will not satisfy the court's requirement." *Ceasear v. Mississippi*, No. 1:10-cv-00521-LG-RHW, 2011 WL 3583854, at *2 (S.D. Miss. July 7, 2011), *R. & R. adopted sub nom. Ceasear v. King*, No. 1:10-cv-521-LG-RHW, 2011 WL 3439316 (S.D. Miss. Aug. 5, 2011) (quoting *Holland*, 560 U.S. at 652).

Petitioner has failed to show "a level of professional misconduct on the part of his attorney that amounts to 'extraordinary circumstances' justifying the application of equitable tolling." *Id.* Although Petitioner's counsel did not file the PCR motion that Petitioner allegedly asked for, it is unclear whether counsel was retained to exclusively file a motion for post-conviction relief. Petitioner presents no evidence to support this allegation and has not shown "the type of 'extraordinary' circumstances of professional misconduct" necessary to warrant equitable tolling. *Id.*; *Vaden v. Outlaw*, No. 4:12-cv-192-HTW-LRA, 2013 WL 3776796, at *5 (S.D. Miss. July 18, 2013) ("While Vaden may have credibly established that he was prejudiced by

counsel's performance, he has not shown that counsel acted in bad faith or intentionally deceived him.") (citation omitted); *see also Ceasear*, 2011 WL 3583854, at *2 ("At best, [Petitioner] has demonstrated simple negligence on [his counsel's] part for his failure to communicate with [Petitioner] regarding his case and for failing to file a state petition for post-conviction relief."); *see also Shavers v. King*, No. 3:13-cv-51-WHB-RHW, 2013 WL 3457332, at *4 (S.D. Miss. July 9, 2013) ("Shavers does not explain how these deficiencies prevented him from filing a § 2254 petition until more than three years past the deadline."). "In any event, this Court need not decide whether [counsel's] conduct was merely negligent or, to the contrary, sufficiently egregious to be considered rare or extraordinary" because Petitioner did not diligently pursue available remedies. *Vaden*, 2013 WL 3776796, at *5 (quoting *Arita v. Cain*, No. 11–31044, 2012 WL 6203190 (5th Cir. Dec. 13, 2012) (internal quotation omitted)).

"To invoke equitable tolling, a petitioner 'must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance.'" *Watson v. Cain*, No. 5:23-cv-33-KS-RPM, 2023 WL 9509047, at *3 (S.D. Miss. Dec. 7, 2023), *R. & R. adopted,* No. 5:23-cv-033-KS-RPM, 2024 WL 409722 (S.D. Miss. Feb. 2, 2024) (quoting *Smith v. Vannoy*, 848 F.App'x 624, 628 (5th Cir. 2021) (per curiam)). Petitioner "has not alleged specific facts showing that" the circuit court's delay, lack of legal resources,

mail delay, and his former attorney "prevented him from filing a timely habeas petition." *Id.*

Petitioner is not entitled to equitable tolling because has not shown that he diligently pursued his rights. A delay of almost two years "in filing for post-conviction relief [and a federal habeas petition] does not reflect a diligent pursuit of remedies." *Bankston v. Lee*, No. 4:15-cv-142-SA-JMV, 2016 WL 482872, at *3 (N.D. Miss. Feb. 4, 2016), *judgment entered,* No. 4:15-cv-142-SA-JMV, 2016 WL 447621 (N.D. Miss. Feb. 4, 2016); *see also Melancon,* 259 F.3d at 408 (finding a delay of more than four months in filing a federal habeas petition did not warrant diligent pursuit and equitable tolling); *Nelms v. Johnson,* 51 F.App'x. at *1 (noting that the Court had "found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by").

"[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Alexander*, 294 F.3d at 630. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). "In short, [Petitioner] cannot show the extraordinary circumstances necessary for equitable tolling because his failure to timely file the instant petition is the result of his own procedural mistakes." *Jones,* 22 F.4th at 492. Thus, the Petition should be dismissed with prejudice.

13

C. The Petition is procedurally defaulted.

Additionally, Petitioner's Petitioner is procedurally improper. Under 28 U.S.C.

§ 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

Therefore, "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). "A habeas petitioner who has failed to exhaust all his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254." *Lovett v. Hall*, No. 5:19-cv-33 DCB-LRA, 2020 WL 6792688, at *2 (S.D. Miss. Aug. 7, 2020*), R. & R. adopted,* No. 5:19-cv-33-DCB-LRA, 2020 WL 5569586 (S.D. Miss. Sept. 17, 2020).

If a federal habeas claim is procedurally defaulted the court may consider the claim's merits if the petitioner can show cause and actual prejudice or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Bagwell v.*

14

*Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "To prove 'cause' [a petitioner] must establish that some 'external force' impeded the defense's efforts to comply with the procedural rule." *Id.* (quoting *Coleman*, 501 U.S. at 753.) To show "miscarriage of justice," a petitioner must "supplement his constitutional claim with a colorable showing of factual innocence . . . ." *Id.* at 757 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 & n. 5 (1992)).

Petitioner failed to show that he presented his arguments to Mississippi's highest court or the "absence of [an] available state corrective process." *See* 28 U.S.C. § 2254(b)(B)(i). After the circuit court denied Petitioner's PCR motion on May 30, 2024, he did not appeal the decision to the Mississippi Supreme Court.

"[Petitioner's] allegations do not show sufficient cause for why [he] did not appeal the denial of [his] PCR motion to the state's highest court. *Lamey v. Banks*, No. 1:15-cv-00349-HSO-FKB, 2017 WL 4678224, at *2 (S.D. Miss. Oct. 17, 2017); *see Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001) ("[t]here is no constitutional right to an attorney in state postconviction proceedings, and [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. Thus, [Petitioner] must bear the risk of attorney error that results in a procedural default.") (quotations and citations omitted). "Moreover, [Petitioner] has not shown that failure to consider [his] claims would result in a fundamental miscarriage of justice because [he] does not establish that [he] is actually innocent of the offense for which [he] was convicted." *Lamey*, 2017 WL 4678224, at *2 (citing *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014) (internal quotations omitted)); *Jordan*

15

*v. Mississippi,* No. 1:18-cv-235-LG-MTP, 2019 WL 611507, at *3 (S.D. Miss. Jan. 14, 2019), *R. & R. adopted,* No. 1:18-cv-235-LG-MTP, 2019 WL 609636 (S.D. Miss. Feb. 13, 2019) ("The record does not reflect any external impediment which caused Petitioner to procedurally default his claims, and neither his *pro se* status nor ignorance of the law constitutes cause to overcome his procedural default.") (quotations and citation omitted).

Any attempt for Petitioner to exhaust his PCR motion would now be futile and likely barred as a successive writ. Miss. R. App. P. 4(a); Miss. Code Ann. § 99-39-27(9); *Buice v. State,* 751 So. 2d 1171, 1172-73 (Miss. Ct. App. 1999); *Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.") (citing *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995)); *Chancellor v. Mississippi,* 129 F. App'x 878, 880 (5th Cir. 2005). Therefore, the Petition should be dismissed with prejudice.

## III.  RECOMMENDATION

The undersigned United States Magistrate Judge recommends that the Motion to Dismiss [8] should be granted, the Petition [1] should be dismissed with prejudice, and Petitioner should be denied a certificate of appealability.

## IV.  NOTICE OF RIGHT TO APPEAL OR OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 12th day of August 2025.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE