IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MERVIN ENGLISH** | § | **PETITIONER** |
| | § | |
| **v.** | § | **Civil No. 1:24-cv-00198-HSO-BWR** |
| | § | |
| **BURL CAIN** | § | **RESPONDENT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [13] AND GRANTING RESPONDENT'S MOTION [8] TO DISMISS THE PETITION [1] WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [13] of United States Magistrate Judge Bradley W. Rath, entered in this case on August 12, 2025. The Magistrate Judge recommended that Respondent Burl Cain's Motion [8] to Dismiss be granted, and that Petitioner Mervin English's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). R & R. [13] at 1. Petitioner has not objected to the Report and Recommendation [13] and the time for doing so has passed.

After due consideration of the Report and Recommendation [13], the Petition [1], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [13] should be adopted as the opinion of this Court, that Respondent's Motion [8] to Dismiss should be granted, and that the Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus should be dismissed with prejudice.

I.  BACKGROUND

On June 27, 2024, Petitioner Jimmy Davis ("Davis" or "Petitioner"), acting pro se, filed his Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus against Respondent State of Mississippi.  *See* Pet. [1] at 1.  Magistrate Judge Bradley W. Rath subsequently ordered the removal of the State of Mississippi as a respondent and added Burl Cain ("Respondent") as the sole respondent in this case.  *See* Order [4] at 1.  In July and December 2020, Petitioner was indicted by a grand jury in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on six counts each in four different criminal case numbers, for a total of twenty-four counts.  *See* Multi-Count Indict. [8-1] at 1-22.  In one state-court case, number B2402-2020-249, Petitioner pled guilty on January 11, 2021, to Count 1 for transfer of a controlled substance and to Count 3 for possession of a controlled substance with intent to distribute.  *See* Tr. Ct. R. [7-2] at 38-39.  Davis was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections.  *See id.* at 50.

Petitioner, through counsel, filed a motion to authorize consideration for parole on June 13, 2022, and a motion to rule on his motion to consider parole eligibility on October 25, 2022.  *Id.* at 53-57.  While these motions were pending, Petitioner filed a pro se petition for writ of mandamus in the Mississippi Supreme Court on January 25, 2023, requesting that it require the state trial court to rule on his renewed motions.  Miss. S. Ct. R. [7-1] at 2-3.  The state trial court denied the motion to authorize consideration for parole on January 31, 2023, and the

Mississippi Supreme Court denied his petition as moot on March 17, 2023. *Id.* at 7-9, 12.

On March 8, 2023, Petitioner filed his first petition under § 2254 for Writ of Habeas Corpus, which challenged his sentence and the denial of his request for parole eligibility. *See Eng. v. Mingo*, No. 1:23-cv-69-TBM-FKB, 2023 WL 5538993, at *1 (S.D. Miss. Aug. 28, 2023). That petition was denied without prejudice for failure to exhaust state remedies to the extent it challenged Petitioner's sentence, and denied with prejudice as to his request for parole eligibility. *Id.* at *3.

Petitioner next filed a motion to reduce sentence in the state trial court on January 12, 2024, Tr. Ct. R. [7-2] at 68-70, which was denied on May 1, 2024, Miss. S. Ct. R. [7-1] at 20-22. Petitioner also filed a motion for post-conviction relief in the state trial court on March 8, 2024, which was denied on May 30, 2024. Tr. Ct. R. [7-2] at 64-67, 72-92. Then, on May 15, 2024, he filed a writ of mandamus in the Mississippi Supreme Court, asking it to require the state trial court to rule on these motions, which was denied as moot on June 7, 2024. Miss. S. Ct. R. [7-1] at 13, 54.

Petitioner's instant Petition [1], filed on June 27, 2024, raises six grounds for relief. *See* Pet. [1] at 23-27. He argues: (1) "[t]he state violated Petitioner's right to due process in violation of rights guaranteed by the Fourteenth Amendment when it failed to disclose material, exculpatory information[;]" (2) ineffective assistance of counsel; (3) the state improperly used a former police officer's evidence; (4) the state coerced a confidential information; (5) "the state[] violat[ed] . . . the Petitioner's constitutional rights under the 4th, 5th, 6th, 8th, and 14th amendments to the

United States Constitution, and violation of the US 'Fair Sentencing Act[;]'" and (6) the "[d]iscovery of new evidence/altered or questionable record[.]" *Id.* Petitioner seeks "a [m]odification, [r]econsideration, or [r]eduction of [s]entence." *Id.* at 15.

On August 12, 2025, the Magistrate Judge entered a Report and Recommendation [13], finding that the Petition [1] is untimely and procedurally improper for failure to exhaust state remedies. *See* R & R [13] at 7, 14. The Magistrate Judge concluded that Petitioner's conviction and sentence became final on August 9, 2021, R & R [30] at 5, and that under 28 U.S.C. § 2244(d)(1), he had until August 9, 2022, to file a timely § 2254 Petition, absent statutory or equitable tolling, *id.* The Magistrate Judge further determined that Petitioner was not entitled to statutory tolling because his motion for post-conviction relief and his first § 2254 petition were filed after the limitations deadline expired, and his motion to authorize consideration for parole did not qualify as the type of motion which tolled the statute of limitations "because it 'did not challenge a 'pertinent judgment or claim' within the meaning of § 2244(d)(2).'" *Id.* at 7-9 (quoting *Godfrey v. Dretke*, 396 F.3d 681, 688 (5th Cir. 2005)). The Magistrate Judge further found Petitioner was not entitled to equitable tolling because his situation is "neither rare nor exceptional." *Id.*

The Magistrate Judge also noted that the Petition [1] is procedurally improper because "Petitioner failed to show that he presented his arguments to Mississippi's highest court or the 'absence of [an] available state corrective process.'" *Id.* at 14-15. The Magistrate Judge recommended that Respondent's Motion [8] to

4

Dismiss be granted and that the Petition [1] be dismissed with prejudice. *Id.* at 16. The Report and Recommendation [13] was mailed to Petitioner at his last known mailing address on August 12, 2025. Petitioner has not filed any objection to the Report and Recommendation [13], and the time for doing so has passed. *See* L.U. Civ. R. 72(a)(3); *see also* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted this required review, the Court concludes that the Report and Recommendation [13] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [13] as the opinion of this Court, grant Respondent's Motion [8] to Dismiss, and dismiss the Petition [1] with prejudice.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [13] entered in this case on August 12, 2025, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Burl Cain's Motion [8] to Dismiss is **GRANTED**, and Petitioner Mervin English's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.  The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE